IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-29 (MN) |
| | ) |
| SHURKRI BROWN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 23rd day of September 2021:

On October 2, 2019, the Court sentenced Defendant Shurkri Brown ("Defendant") to 120 months imprisonment for his conviction of possession with the intent to distribute heroin in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(C). Defendant has served approximately 39 months of that sentence. On April 13, 2021, Defendant filed the instant motion asking this Court to modify his sentence to time served pursuant to 18 U.S.C. § 3582(c)(l)(A) based on the threat to his health from the COVID-19 pandemic and certain medical conditions. (D.I. 43). The government responded to the motion (D.I. 44, 48), and Defendant replied (D.I. 45).

The statute applicable to this motion, 18 U.S.C. § 3582(c), provides:

> (c) **Modification of an Imposed Term of Imprisonment**. The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

There is also a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or

> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Further, there is an application note that provides:

> 1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> > (ii) The defendant is –
>
> > > (I) suffering from a serious physical or medical condition,
>
> > > (II) suffering from a serious functional or cognitive impairment, or
>
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

"The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). To obtain relief under section 3582(c)(1)(A)(i), Defendant must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction of his sentence, and (3) a reduction is consistent with the factors set forth in section 3553(a).[1] Courts address these factors in sequence. *See United States v. Leonard*, No. CR 16-75-RGA, 2020 WL 3207085, at *2 (D. Del. June 15, 2020) (citing *United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020)).

Here, there is a substantial question as to whether the exhaustion requirement has been met. (D.I. 48 at 3). Defendant is housed at FCI Fairton in New Jersey. He asserts that the Camp where

---

[1] In *Leonard,* the court included an additional factor – that the defendant show "an absence of dangerousness." *Leonard,* No. CR-16-75-RGA, 2020 WL 3207085, at *2. Since *Leonard*, however, the relevance of this factor has come into doubt. Although the Third Circuit has not issued a precedential case addressing "absence of dangerousness", other courts of appeals have concluded that there is no "absence of dangerousness" factor and the policy statement with the "absence of dangerousness" step is not an "applicable policy statement." *See, United States v. Flagg*, No. CR 19-30-RGA, 2021 WL 1751293, at *1 (D. Del. May 4, 2021) (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (per curiam) (citing the Second, Fourth, Sixth, Seventh, and Tenth Circuits as five other courts of appeals that have "unanimously" held that section 1B1.13 does not apply to compassionate release motions filed by defendants (as opposed to the Bureau of Prisons Director)). For purposes of this motion, the Court assumes that the Third Circuit would come to the same conclusion as the other courts of appeal and does not weigh this factor in the analysis.

he is housed at the prison did not have a case manager and he either submitted an "Inmate Request" to a visiting case manager or he submitted it to the Camp Counselor (who was on vacation at the time his reply was filed and then soon retiring). (D.I. 45 at 2). He also asserted that it was "normal for most requests not to be answered at his facility. (*Id.* at 2). On August 31, 2021, this Court directed the Government to file a substantive response to Defendant's Motion and also to respond to the Defendant's assertion that he was unable to contact the warden. (D.I. 47).

In its response, the Government represented that it had contacted Adam M Johnson, Deputy Regional Counsel, Northeast Regional Office for the Bureau of Prisons ("BOP"). (D.I. 48 at 3). Mr. Johnson confirmed that FCI Fairton has no record of Defendant submitting a request to the warden, either before filing his initial motion or in the months since. Mr. Johnson also reportedly disputed Defendant's claim that there are no case managers or staff available, asserting that "there is generally unit team staff available almost daily." (D.I. 48 at 3-4).

Construing Defendant's motion for compassionate release liberally, Defendant has failed to satisfy Section 3582(c)(1)(A)'s exhaustion requirement. Although Defendant suggests that he submitted an "Inmate Request" to a case manager or Camp Counselor, Defendant does not mention the name of the person he gave it to, the date that the request was made, or any other circumstances surrounding his submission or other evidence that he properly exhausted his claim. Without proof of administrative exhaustion, this Court lacks jurisdiction to consider the petition's merits. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). As the Third Circuit stated:

> [D]efendant failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: BOP has not had thirty days to consider [Defendant]'s request to move for compassionate release on his behalf, and there has been no adverse decision by BOP for [Defendant] to administratively exhaust within that time period (as such, we need not address administrative appeals here) . . . [T]he exhaustion requirement . . . presents a glaring roadblock foreclosing

> compassionate release at this point . . . Accordingly, . . . we will deny Raia's motion outright.

*Raia*, 954 F.3d at 597. Consequently, this Court must deny Defendant's motion, as the Court lacks jurisdiction due to Defendant's failure to exhaust administrative remedies. *United States v. Bogdanoff*, 459 F. Supp. 3d 653, 656-59 (E.D. Pa. 2020) ("[T]he Third Circuit's strong language regarding exhaustion leaves no wiggle room.") (citation omitted).

To cure this motion's jurisdictional defects, Defendant would need to present evidence demonstrating that he has exhausted administrative remedies. This Court notes, however, that, even if Defendant cures the current jurisdictional issues, other obstacles likely bar his requested relief. This includes the fact that Defendant has not established that "compelling and extraordinary reasons" justify his release.

Defendant argues that he should be released based on his PTSD, Chronic Depression, Severe Nerve Damaged Facial Pain and Hypertension coupled with morbid obesity. (D.I. 43 at 8). A review of his medical records from the BOP reveal that the defendant, who is 38 years old, does have several medical conditions but that all of them appear well-controlled at this time with medication provided by the FCI Fairton. The records also reflect that Defendant previously tested positive for COVID-19 (in December 2020) but remained asymptomatic throughout the period of quarantine. In addition, Defendant has been fully vaccinated against COVID-19 since late April of 2021.

Applying the standards set out in U.S.S.G. § 1B1.13, Defendant's preexisting conditions fall short of showing a risk of becoming "seriously ill" from COVID-19. The Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d 594 at 597; *see also United States v. Roeder*, 803 F. App'x 157 n.16 (3d Cir. 2020) ("[T]he existence

6

of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). Although obesity and hypertension could qualify as "extraordinary and compelling" risk factors for COVID-19, they do not qualify where an inmate, such as Defendant, has already been vaccinated and/or has already recovered from COVID-19. And here Defendant has both already been vaccinated and recovered from an asymptomatic case of COVID-19. Accordingly, even had the Defendant exhausted his administrative remedies, the Court could not find that Defendant has identified an extraordinary and compelling reason for a sentence reduction.

      THEREFORE, IT IS HEREBY ORDERED that Defendant's motion (D.I. 43) is DENIED without prejudice.

_____
The Honorable Maryellen Noreika
United States District Judge