IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-29 (MN) |
| ) | |
| SHURKRI BROWN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

At Wilmington, this 1st day of June 2023;

On October 2, 2019, the Court sentenced Defendant Shurkri Brown ("Defendant") to 120 months imprisonment for his conviction of possession with the intent to distribute heroin in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(C). Defendant has served just over half of that sentence. On April 13, 2021, Defendant filed a motion asking this Court to modify his sentence to time served pursuant to 18 U.S.C. § 3582(c)(l)(A) based on the threat to his health from the COVID-19 pandemic and certain medical conditions. (D.I. 43). The Court denied that motion because Defendant had failed to exhaust his administrative remedies. (D.I. 49). Thereafter, on September 21, 2022, Defendant filed the instant second Motion for Sentence Reduction Under 18 U.S.C. Section 3582(c)(1)(A). (D.I. 51. 52, 55). The Government opposes the motion. (D.I. 53).

The statute applicable to this motion, 18 U.S.C. § 3582(c), provides:

> (c) **Modification of an Imposed Term of Imprisonment**. The court may not modify a term of imprisonment once it has been imposed except that –
>
> > (1) in any case –
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Further, there is an application note that provides:

> 1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific

>> prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

"The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). To obtain relief under section 3582(c)(1)(A)(i), Defendant must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction

of his sentence, and (3) a reduction is consistent with the factors set forth in section 3553(a). Courts have addressed these factors in sequence. *See United States v. Leonard*, No. CR 16-75-RGA, 2020 WL 3207085, at *2 (D. Del. June 15, 2020)[1] (citing *United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020)).

Here, Defendant has satisfied the exhaustion requirement. (D.I. 53 at 2). Defendant argues that he should be released based on his medical conditions, including "ASTHMA, PTSD, ANXIETY and . . . Pre-Diabetes" as well as the fact that he has had Covid twice during his term of imprisonment. (D.I. 52 at 2). The Court, in its September 23, 2021 Memorandum Opinion considered Defendant's "PTSD," together with "Chronic Depression, Severe Nerve Damaged Facial Pain and Hypertension coupled with morbid obesity" and found that although BOP medical records documented these medical conditions, they also demonstrated "that all of them appear well-controlled at this time with medication provided by the FCI Fairton." (D.I. 49 at 6-7). The Court concluded: "Accordingly, even had the Defendant exhausted his administrative remedies, the Court could not find that Defendant has identified an extraordinary and compelling reason for a sentence reduction." (*Id,* at 7). In the instant motion, Defendant has not offered any additional compelling evidence to support a finding to the contrary. Defendant's PTSD does not support a sentencing reduction.

As to Defendant's asthma, he simply states "I was advised to increase my using of an Inhaler pump to 5 or 6 times a day as needed for shortness in breathing." (D.I. 52 at 2). He makes

---

[1] In *Leonard,* the court included an additional factor – that the defendant show "an absence of dangerousness," which is found in the policy statement. *Leonard,* No. CR-16-75-RGA, 2020 WL 3207085, at *2. Since *Leonard*, however, the Third Circuit has made clear that the "policy statement requiring the absence of dangerousness [is] nonbinding." *United States v. Hurd*, No. 22-1084, 2022 WL 17352168, at *1 (3d Cir. Dec. 1, 2022) (citing *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021)).

no claim that this treatment is insufficient to control his asthma. And indeed, BOP medical records demonstrate Defendant's asthma condition is well-controlled at FCI Fairton and his respiratory system is "Within Normal Limits" despite his history of wheezing and asthma. (D.I. 53-1 at 4; 53-2 at 4 (sealed medical records)).

As to Defendant's assertion that his is prediabetic, that is not an "extraordinary and compelling" medical condition. According to the Center for Disease Control, prediabetes is common and reversible. https://www.cdc.gov/diabetes/prevention/about-prediabetes.html Consistent with this, Defendant's medical records indicate that "Patient has been focusing on diet changes including cutting back on bread and cakes." (D.I. 53-2 at 4-5). Accordingly, Defendant is being properly treated for prediabetes. It is not an extraordinary and compelling medical condition.

Finally, as to anxiety, Defendant does not claim that anxiety affects his daily routine at FCI Fairton and his medical record indicate that his anxiety disorder has been "Resolved." (D.I. 53-2 at 4 ). As the condition is resolved, it cannot be deemed "extraordinary and compelling" so as to warrant the requested reduction of sentence.

Applying the standards set out in U.S.S.G. § 1B1.13, Defendant's medical conditions, both alone and together, appear to be well-managed and under control. They fall short of a showing of extraordinary and compelling reason for a sentence reduction.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion (D.I. 51) is DENIED.

_Maryellen Noreika_
The Honorable Maryellen Noreika
United States District Judge